[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11504
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00083-RV-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO DWAYNE CUMMINGS,
a.k.a. Antonio Dewayne Cummings,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 5, 2016)

Before ED CARNES, Chief Judge, JORDAN, and JULIE CARNES, Circuit
Judges.

PER CURIAM:

Antonio Cummings appeals his 180-month sentence, imposed after pleading guilty to one count of violating 18 U.S.C. §§ 922(g)(1) and 924(e)(1) by possessing a firearm as a convicted felon.  The district court found that his prior conviction for escape, in violation of Fla. Stat. § 944.40, qualified as a violent felony under the Armed Career Criminal Act's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii).  Cummings objected, arguing that the residual clause was unconstitutionally vague.  The court overruled that objection and sentenced him as a career criminal based on that conviction and two other prior convictions.  This is his appeal.

The Supreme Court invalidated the residual clause as unconstitutionally vague in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551, 2556–57, 2563 (2015).  Because of Johnson, Cummings' escape conviction can serve as a predicate offense only if it qualifies as a violent felony under a different ACCA provision.  It does not.  The government agrees that Fla. Stat. § 944.40 does not have "as an element the use, attempted use, or threatened use of physical force against the person of another," is not "burglary, arson, or extortion," and does not involve the "use of explosives."  18 U.S.C. § 924(e)(2)(B)(i)–(ii).  The ACCA applies only if the defendant has three qualifying offenses, 18 U.S.C. § 924(e)(1),

and Cummings is one offense short of that requirement.  For that reason, we vacate his sentence and remand for re-sentencing.[1]

**VACATED AND REMANDED.**

---

[1] He also requests that we remand the case so that the district court can consider whether his two prior drug convictions are qualifying offenses under the ACCA.  Because he cannot be sentenced under the ACCA anyway, that is unnecessary.